# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH MCFADDEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-2208-RWS |
| TYCO FIRE INC. d/b/a | : | |
| ADT Security Services, Inc., | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This case is before the Court for consideration of Defendant's Motion to

Dismiss, or in the Alternative, for Summary Judgment/Partial Summary

Judgment [3]; Defendant's Motion to Stay Discovery and Pending Deadlines

[10]; and Defendant's Motion for Hearing [11]. As an initial matter, because

the Court is able to decide the issues presented by the foregoing Motions on the

briefs, a hearing is not necessary. Therefore, Defendant's Motion for Hearing

[11] is **DENIED**. Also, because the Court is granting Defendant's Motion to

Dismiss, Defendant's Motion to Stay Discovery and Pending Deadlines [10] is

**DENIED**, as moot. After reviewing the record, Defendant's Motion to

Dismiss[3-1] is **GRANTED** for the reasons set forth below.

On June 19, 2009, Plaintiff filed his Complaint in the Superior Court of Gwinnett County. Defendant removed the case to this Court on August 13, 2009. In the Complaint, Plaintiff alleges that he purchased an ADT security system in 2005. (Compl. at ¶ 3.) On March 8, 2006, Plaintiff's home was burglarized, and telephone wires were cut during the burglary which prevented law enforcement and the monitoring agency from being notified. (Id. at ¶ 4.) Thereafter, Plaintiff requested that ADT have a technician inspect the system. (Id. at ¶ 5.) When an ADT technician came to Plaintiff's home on March 19, 2006, Plaintiff requested that the technician install a cellular back-up system so that authorities could be notified if telephone wires were cut during another burglary. (Id. at ¶¶ 6 & 7.) The technician agreed to install the cellular back-up system, and Plaintiff paid the technician $737.42 for the installation. (Id. at ¶ 8.)

On November 15, 2007, Plaintiff experienced another home burglary in which all telephone wires were cut. (Id. at ¶ 9.) During the burglary, the security system failed to notify law enforcement and the monitoring agency. (Id.) An ADT technician came to Plaintiff's home on November 19, 2007, and inspected the system. (Id. at ¶ 11.) The technician stated that the cellular back-up system radio was missing. (Id. at ¶ 11.) The technician stated that the ADT

2

technician who came to the home on March 19, 2006 should have installed the radio so he installed the radio for Plaintiff at no cost. (Id.)

Plaintiff alleges that Defendant was negligent in failing to properly install the cellular back-up system and seeks damages of $250,000. (Id. at ¶¶ 12 & 13.) Defendant filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment/Partial Summary Judgment and attached as an Exhibit to the Motion a copy of the Contract between Plaintiff and Defendant.

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The Court may consider evidence outside the pleadings that is undisputedly authentic and on which the Plaintiff has relied in the Complaint. Harris v. Avax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support

3

of his claim which would entitle him to relief.'" <u>Twombly</u>, 127 S.Ct. at 1968

(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). The Supreme Court has

replaced that rule with the "plausibility standard," which requires that factual

allegations "raise the right to relief above the speculative level." <u>Id.</u> at 1965.

The plausibility standard does not, however, impose a probability requirement

at the pleading stage; it simply calls for enough facts to raise a reasonable

expectation that discovery will reveal evidence [supporting the claim]." <u>Id.</u>

  In Paragraph 10 of the Terms and Conditions in the Contract, Plaintiff

agreed to file any lawsuit against ADT within one (1) year of the date of the

burglary:

> **TIME TO FILE LAWSUIT OR OTHER ACTION.
> YOU AGREE TO FILE ANY LAWSUIT OR OTHER
> ACTION YOU MAY HAVE AGAINST US OR OUR
> AGENTS, EMPLOYEES, SUBSIDIARIES, AFFILIATES OR
> PARENT COMPANIES WITHIN ONE (1) YEAR FROM
> THE DATE OF THE EVENT THAT CAUSED THE LOSS,
> DAMAGE, OR LIABILITY.**

(Def.'s Br. [3] Ex. A-1, at ¶ 10.)  Plaintiff's loss occurred on November 15,

2007.  However, he did not file this action until June 19, 2009, more than one

(1) year after the claim arose.  Defendant asserts that this action is barred by the

one-year limitation period in the Contract.

4

Plaintiff asserts that his claim should not be barred because of equitable estoppel. Specifically, Plaintiff asserts that his Contract was stolen during the burglary, and he requested a copy from Defendant. He asserts that Defendant's delay in providing a copy of the Contract caused him to miss the one-year limitation. Plaintiff also asserts that the Contract is unconscionable.

A contract substantially similar to the Contract in the present case was considered by the Court in D.L. Lee & Sons, Inc. v. ADT Security Systems, Mid-South, Inc., 916 F.Supp 1571 (S.D. Ga. 1995), aff'd 77 F.3d 498 (11th Cir. 1996). In that case, the court held that under Georgia law, parties are permitted "to contract as to a time limit less than the statutory limit within which an action may be brought so long as the period fixed is not so unreasonable as to raise a presumption of imposition or undue advantage in some way." Id. at 1577. The court upheld the one-year limitation period in the contract.

The plaintiff in D.L. Lee, like the Plaintiff in the present action, sought to invoke equitable estoppel against the limitations period. The plaintiff's contract was destroyed in a fire and he requested a copy of his contract from the defendant. The plaintiff asserted that the defendant's delay in providing a copy of the contract caused him to miss the contractual limitations. The court in D.L. Lee held: "Whether or not ADT gave Lee a copy of the contract is not a

5

material fact for deciding the limitation of action clause in the contract. A person who signs a contract is imputed with knowledge of the contents of that contract. Specifically, everyone is charged with the responsibility of reading and knowing the contents of a contract which he signs." Id. at 1578.

It is undisputed that Plaintiff signed the Contract in issue. Therefore, he is imputed with knowledge of the contents of the Contract, including the limitations. He is bound by that provision regardless of whether Defendant failed to provide him with a copy of the Contract after his copy was stolen.

Plaintiff also asserts that because he seeks to recover based upon Defendant's negligence, his claims should not be subject to the terms of the Contract. However, Defendant identifies several provisions of the Contract that would preclude or limit Plaintiff's negligence claim. First, the Contract provides that ADT was not an insurer:

**WE ARE NOT AN INSURER AND YOU WILL OBTAIN FROM AN INSURER ANY INSURANCE YOU DESIRE. THE AMOUNT YOU PAY US IS BASED UPON THE SERVICES WE PERFORM AND THE LIMITED LIABILITY WE ASSUME UNDER THIS CONTRACT AND IS UNRELATED TO THE VALUE OF YOUR PROPERTY OR THE PROPERTY OF OTHERS LOCATED IN YOUR PREMISES. IN THE EVENT OF ANY LOSS OR INJURY TO ANY PERSON OR PROPERTY, YOU AGREE TO LOOK EXCLUSIVELY TO YOUR INSURER TO RECOVER DAMAGES. YOU WAIVE ALL SUBROGATION AND**

6

> **OTHER RIGHTS OF RECOVERY AGAINST US THAT ANY INSURER OR OTHER PERSON MAY HAVE AS A RESULT OF PAYING ANY CLAIM FOR LOSS OR INJURY TO ANY OTHER PERSON.**

(Def.'s Br. [3] Ex. A-1, at ¶ 5.)

Plaintiff also agreed in the Contract to limit recoverable damages in the event ADT were found liable:

> **IF IT IS DETERMINED THAT WE OR ANY OF OUR AGENTS, EMPLOYEES, SUBSIDIARIES, AFFILIATES OR PARENT COMPANIES ARE DIRECTLY OR INDIRECTLY RESPONSIBLE FOR ANY SUCH LOSS, DAMAGE, INJURY OR OTHER CONSEQUENCE, YOU AGREE THAT DAMAGES SHALL BE LIMITED TO THE GREATER OF $500 OR 10% OF THE ANNUAL SERVICE CHARGE YOU PAY UNDER THIS CONTRACT.**

(Id. at ¶ 6.)

In D.L. Lee, the court found that such limitation of liability clauses "are commonly ruled enforceable by courts." D.L. Lee & Sons, Inc., 916 F.Supp at 1582. Based upon a similar limitation of liability clause in the D.L. Lee case, the court held that the defendant could not be held liable on a theory of negligence. Id. at 1583. The Court finds that the limitation of liability clause in the present case bars Plaintiff's claim for negligence.

Finally, Plaintiff asserts that the contract is unconscionable. The contractual provisions in issue in this case are clear and comprehensible. These

7

provisions have previously been enforced by the court in <u>D.L. Lee & Sons</u>.  The provisions in issue are in upper case and bold text in the contract, and each provision is in a separate numbered paragraph.  The Court concludes that Plaintiff's contract with Defendant was not unconscionable.

Based on the foregoing, Defendant's Motion to Dismiss [3-1] is **GRANTED**.  Defendant's Alternative Motion for Summary Judgment [3-2] is **DENIED, as moot**.  Defendant's Motion to Stay Discovery and Pending Deadlines [10] is **DENIED, as moot**, and Defendant's Motion for Hearing [11] is **DENIED**.

**SO ORDERED**, this  31st  day of March, 2010.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)